*Exhibit A to Maxus Lease Schedule 1425-002*



**PURCHASE ORDER**

The purchase order number must appear on all delivery slips and invoices.

Purchase Order No.: 313596
Order Revision No.: 0

| | | Vendor: | Supreme Manufacturing, Inc. | Ship | United Rock Products |
|---|---|---|---|---|---|
| Supplier No.: | 10165554 | | 327 Billy Boyd Road | To: | 1245 E. Arrow Highway |
| | | | Stoneboro PA 16153 | | Irwindale CA 91706 |
| Tax ID: | 25-1646108 | | | | |

| Order Date | Order Type | Carrier | Freight Terms | Payment Terms |
|---|---|---|---|---|
| 10/2/2014 | OC | | . | Due Upon Receipt |

If there are any questions concerning this purchase order, please contact:

| | | Currency: | Page: |
|---|---|---|---|
| Name: | Michael E Hill | USD | Page 1 of 3 |
| Phone: | (714) 576-9600 | | |

| Line No | Promise Delivery | Quantity | UoM | Item No. | Description | Unit Cost | Extended Cost |
|---|---|---|---|---|---|---|---|
| 1 | 10/2/2014 | 1.00 | EA | 1 | CIP Equipment | 8,166,700.00 | 8,166,700.00 |

This Supersedes all prior versions of this Purchase Order
* Scope of Supply:
Sully-Miller Contracting Company doing business as United Rock Products (hereinafter known as "Buyer") agrees to purchase the CIP Equipment that shall be furnished by Supreme Manufacturing, Inc. (hereinafter known as "Seller" or "Supplier") as per the Supreme Manufacturing 18 Yard Twin Dredge Quotation dated November 4, 2014, pages 2-9 only, attached hereto as Exhibit A, except as specifically modified herein. It is acknowledged and agreed that Exhibit A is included for informational purposes only to provide a general description of the CIP Equipment and the related scope of work for fabrication, delivery, assembly, start-up and training of the CIP Equipment, and that all equipment, parts, services and labor necessary for the CIP Equipment to operate for its intended purpose is included, whether or not specifically called out in Exhibit A  The Seller shall arrange and pay for the shipping of the CIP Equipment to United Rock Products Job Site Location (hereinafter known as "Buyer's Location") within two miles of 2600 Avenida Barbosa, Irwindale, CA 91706 and the complete assembly of the CIP Equipment.  Seller shall also provide two (2) weeks of onsite training by an experienced dredge operator reasonably acceptable to Buyer. Seller shall have no obligation to provide additional training to Buyer personnel if said employees are absent from work at any time during such training period.
* Payment Terms:
10 % (of the Purchase Price) Down Payment shall be due and payable by Buyer to Seller immediately upon (a) Buyer's termination of the Purchase Order, or (b) if the Purchase Order is not so terminated, upon Seller's delivery of all Seller supplied Dredge Components and equipment at Buyer's location.  This 10% Down Payment will be guaranteed by an irrevocable standby letter of credit in form and substance acceptable to Buyer.
75% Upon Seller's delivery of all Seller supplied Dredge Components & equipment at Buyer's Location.
15% within thirty (30) days after Buyer determines, in good faith, that the CIP Equipment has been completely assembled and is operating properly for its intended purpose and that Seller has provided Buyer with the two week training period described above.  Said thirty (30) day period shall not be tolled if Buyer fails to timely supply Seller with Buyer supplied features and components for incorporation by Seller into the CIP Equipment.
Buyer may conduct inspections, at mutually convenient times but at least once every (60) Days from the date of this Order, of the status of the work. Prior to conducting any such inspection, Buyer shall provide Seller with evidence that such inspectors are covered by workers compensation insurance.  In addition, such inspectors shall comply with all of Seller's safety and security procedures.  Seller shall promptly and timely cure any discrepancies noted in Buyer's inspection.

| | | Sales Tax: | 0.00 |
|---|---|---|---|
| Mail Invoices to: | | Total: | 8,166,700.00 |

United Rock Products
1245 E. Arrow Highway
Irwindale CA 91706

Supplier Signature: _[signature]_ 9/18/15
Buyer Signature: _[signature]_

THE SUPPLIER SIGNATORY ABOVE HAS THE AUTHORITY AND KNOWLEDGE TO BIND THE SUPPLIER TO THE CONTRACT AND AGREES TO THE TERMS & CONDITIONS.  SUPPLIER AGREES TO CONFORM WITH TERMS STATED IN TERMS & CONDITION ATTACHMENT.



DEFENDANT'S EXHIBIT
12

*Exhibit A to Maxus Lease Schdule 1425-002*



**PURCHASE ORDER**

The purchase order number must appear on \_ delivery note and invoices.

Purchase Order No.:   313596
Order Revision No.:    0

| | | | | | |
|---|---|---|---|---|---|
| Supplier No.: | 10165554 | Vendor: | Supreme Manufacturing, Inc.<br>327 Billy Boyd Road<br>Stoneboro PA 16153 | Ship<br>To: | United Rock Products<br>1245 E. Arrow Highway<br>Irwindale CA 91706 |
| Tax ID: | 25-1646108 | | | | |

| Order Date | Order Type | Carrier | Freight Terms | Payment Terms |
|---|---|---|---|---|
| 10/2/2014 | OC | | | Due Upon Receipt |

If there are any questions concerning this purchase order, please contact:

Name:   Michael E Hill
Phone:  (714) 578-9600

Currency:   USD
Page:   Page 2 of 3

| Line No | Promise Delivery | Quantity | UoM | Item No. | Description | Unit Cost | Extended Cost |
|---|---|---|---|---|---|---|---|

* Timing:

The CIP Equipment shall be fully delivered, assembled and in full satisfactory operation, for its intended purpose as determined in good faith by Buyer ("Final Delivery") within one year of February 27, 2015 (the "Due Date"). As an incentive for early completion, the Buyer shall pay the Seller a bonus of $4,200 per day prior to the Due Date that the Seller achieves Final Delivery, not to exceed $250,000.00. In addition, the Seller has been informed by Buyer that the CIP Equipment is vital to the commercial operations of the Buyer, and that any failure to achieve Final Delivery by the Due Date will result in economic harm to the Buyer. As such, the Seller shall be liable to the Buyer in the amount of $4,200 ("Liquidated Damages") for each day after the Due Date that the Seller fails to achieve Final Delivery, not to exceed $250,000.00. The Seller acknowledges that the actual damages which the Buyer may incur for a failure of Seller to achieve Final Delivery by the Due Date are difficult to estimate, and that these Liquidated Damages are a reasonable approximation of the damages which the Buyer expects to incur.

* Buyer's Obligations

Buyer shall in good faith comply with its delivery obligations with respect to any items identified to be supplied* by Customer" in the attached Exhibit A, in order for Seller to have an opportunity to achieve its bonus as set forth above. If the Seller is in compliance with the terms of this Purchase Order and the Buyer terminates the Order, the Buyer will be obligated to pay the Seller the portion of the Purchase Price earned, based on last occurred Milestone Date as detailed in Exhibit B, plus costs incurred since such Milestone Date.  To the extent the foregoing sentence conflicts with General Terms and Conditions No. 3 (Termination), the foregoing sentence shall control.
-The Buyer will supply sufficient evidence that funds are available in the form of a standby letter of credit and a documentary letter of credit based on the payment terms, which are acceptable to Seller.

| | |
|---|---|
| | Sales Tax:   0.00 |
| Mail Invoices to: | Total:   8,166,700.00 |
| United Rock Products<br>1245 E. Arrow Highway<br>Irwindale CA 91706 | Supplier Signature: _____  3/18/15<br>Buyer Signature: _____ |

THE SUPPLIER SIGNATORY ABOVE HAS THE AUTHORITY AND KNOWLEDGE TO BIND THE SUPPLIER TO THE CONTRACT AND AGREES TO THE TERMS & CONDITIONS.  SUPPLIER AGREES TO CONFORM WITH TERMS STATED IN TERMS & CONDITION ATTACHMENT.

## Exhibit A to Maxus Lease Schedule 1425-002

GENERAL TERMS AND CONDITIONS

1. **IMPORTANT.** Unless explicitly stated otherwise in any national or master agreement between the parties, the Terms and Conditions set forth in this document supersedes and nullifies any other Terms and Conditions found in any other agreements, including but not limited to Seller's web site, rental agreements, field dispatch agreements, contracts, field time sheets, invoices or documents between the parties. Usual and/or customary business practices do not supersede the Terms and Conditions found in this Purchase Order (either page 1, 2 or 3).

2. **Modifications:** No modification of this order shall be effective without Buyer's written consent. In course of prior dealing, no usage of the trade and no course of performance shall be used to modify, supplement or explain any terms used in this order. These terms and conditions are the binding document of agreement and must supersede and take precedence over any other document, including rental agreements or field sheets etc. provided by the Buyer including the entirety of any conflicting language from the Buyers documents for the services, labor, equipment, parts or products provided to the Buyer through the use of this Purchase Order.

3. **Termination:** Buyer reserves the right to terminate this order at any time prior to Final Delivery by written or telegraphic notice confirmed in writing. If Buyer terminates, the Supplier shall be entitled to recover its actual, direct costs incurred in connection with the work and services performed under this order. But in no event shall Supplier be entitled to retain more than the amount already paid by the Buyer prior to the termination based on Milestones achieved, attached as Exhibit B.

4. **Delivery:** Time is of the essence in this order and, if delivery of conforming goods or performance of conforming services is not completed by the time(s) promised, Buyer reserves the right, in addition to its other rights and remedies, to cancel this order, to reject such goods or services in whole or in part on reasonable notice to Seller and/or to purchase substitute goods or services elsewhere and charge Seller with any loss incurred. Any employee herein for delivery of goods or performance of services by installments shall not be continued at making the obligations of Seller severable. Shipment sent C.O.D. without Buyer's written consent will not be accepted and will be at Seller's risk. Seller and Bank must approve any replacement by Buyer of any rejected parts.

5. **Compliance:** Seller represents and warrants that the prices charged, and the goods and/or services covered by the order, comply with all applicable laws and government rules, orders or regulations in effect at time of quotations, sale, delivery and performance.

6. **Contingencies:** Failure of Buyer to perform hereunder, in whole or in part, occasioned by act of God or the public enemy, fire, explosion, perils of the sea, flood, drought, war, riot, sabotage, accident, embargo, government priority, requisition or allocation, by interruption of or delay in transportation, labor disputes from any cause whether or not the demands of the employees involved are reasonable and within the Buyer's power to concede, compliance with any order or request of any government officer, department, agency or committee, or any contingence of like or different character beyond the reasonable control of the Buyer, shall not subject Buyer to any liability or increased cost. At Buyer's option, the period specified for delivery of goods or performance of services hereunder shall be extended by the period of delay occasioned by any such circumstance. The provisions of this paragraph shall be effective notwithstanding that such occurrence shall have been operative at the date of this order. These Contingencies also apply to the Seller.

7. **Warranties:** In addition to all warranties and remedies available under law, Seller hereby warrants and agrees that:

(a) All goods and services covered by this order shall conform to the specifications, drawings, samples or other descriptions specified by Buyer and/or Grinde and shall be merchantable fit for the purposes intended, of best quality and workmanship and free from all defects. Buyer shall have the right of inspection and approval, and may, in addition to its other rights and remedies, reject and return goods or require re-performance of services and/or goods at Seller's expense if defective or not in compliance with the specifications. Defects shall not be deemed waived by Buyer's failure to notify Seller upon receipt of goods, inspection, or completion of services, or by payment of invoice.

(b) No disclosure, description or other communication of any sort shall be made by Seller to any third person of the fact of Buyer's purchase of goods or services hereunder, or of the details and characteristics thereof, without Buyer's prior consent in writing. Anything furnished to Seller by Buyer pursuant to this order, including without limitation, samples, drawings, patterns and materials, shall remain the property of Buyer, shall be held at Seller's risk and shall be returned upon completion of the work, and not otherwise or reproduction thereof in any form shall be made without first Buyer's prior consent in writing.

(c) The use or sale of any goods delivered hereunder, or any part thereof, except goods produced to Buyer's drawing or specifications, shall not infringe any patent, trademark or other property right. Seller shall indemnify, defend and save harmless Buyer, its officers, employees, customers of any kind and their respective successors and assigns, or any of them, from and against any and all liability, damage, loss, cost or expense incurred in connection with any claim, suit or action for actual or alleged infringement of any such rights.

(d) The foregoing warranties shall survive acceptance of goods and performance of services hereunder. These warranties are in addition to all other rights and remedies available to Buyer, including but not limited to, those available under the California Commercial Code.

8. **Loss in Transit and Environmental Responsibility:** Title and risk of loss in transit shall not pass to Buyer until delivery to Buyer for to carrier designated by Buyer in cases where shipment is made F.O.B. Seller's shipping point. All shipping shall be in accordance with all applicable federal, state, provincial or local laws or regulations, including but not limited to U.S. Department of Transportation and U.S. Environmental Protection Agency regulations for hazardous substances. Buyer shall not be liable for any surcharge, tax, loss, damage or other incident, including but not limited to, expense for any clean-up costs, involving any materials transported hereunder prior to completion of such delivery.

9. **Marking:** Seller shall mark each package or shipment clearly with Buyer's name and address, contents and this purchase order number.

10. **Assignment:** Assignment of this order or of any interests herein or of any money due or to become due hereunder without the prior written consent of Buyer shall be void.

11. **Governing Law:** This order shall be governed by the laws of the state of California, without regard to conflicts of law principles. Unless otherwise indicated by the context, whenever it is herein used in this order is defined in the Uniform Commercial Code, the definition contained therein is controlling as in the meaning of the term.

12. **Forum:** The parties hereto agree to submit to the exclusive jurisdiction of the state and federal courts of California, as applicable, with respect to any controversy arising hereunder. In the event of any litigation between the parties hereunder, the parties hereto shall be entitled to recover its reasonable attorney's fees, expert fees, costs and expenses incurred.

13. **Employees, Insurance, Indemnification:** (a) In performing any services hereunder, Seller is, and undertakes performance hereunder as an independent contractor, with sole responsibility for all persons employed in connection therewith, including without limitation and responsibility for the payment of all Federal, State and local Unemployment and Disability insurance and all Social Security and/or other taxes and contributions payable in respect of such persons.

(b) If this order shall require the presence of Seller's or its customer's property or Seller's employees, subcontractors or others upon Seller's or others or upon Buyer's premises, Seller shall comply and cause its subcontractors to comply, with all applicable requirements and rules of such premises, including, without limitation, those relative to the environment, safety and its prevention. To the extent Seller is under obligation, Seller hereby agrees to be bound by any and all terms, conditions and requirements, including those relating to insurance, indemnity and safety, contained in Buyer's Prime Contract by the same extent Buyer is so bound.

(c) Seller hereby agrees that before commencing any work it will obtain and maintain, and cause its subcontractors, if any, to obtain and maintain, insurance Policies with underwriters and limits of coverage of not less than the following:

(i) Workers' Compensation and Occupational Disease, including Employer's Liability, subject to a limit not less than $500,000 or the statutory requirements whichever is greater

(ii) Comprehensive General Liability Insurance, including products, completed operations, premises and contractual liability endorsements, with limits of at least $2,000,000 for each occurrence

(iii) Comprehensive Automobile Liability Insurance with limits for bodily injury and property damage combined of $2,000,000. This coverage shall include insurance for non-owned and hired vehicles

(iv) Seller shall provide a separate insurance policy, or endorsement, as appropriate, evidencing the insurance of the equipment from all forms of loss or damage, for the full replacement value of the equipment, in form and content satisfactory to Buyer. All of the above insurance shall be written through a company or companies satisfactory to Buyer, shall name the Buyer and where applicable, Owner as additional insureds (except under Statutory Part I of the Workers' Compensation and Occupational Diseases Insurance). All of this insurance coverage provided by Seller will be primary to, and not contributory with, any other available insurance coverage of Buyer and Owner and shall contain a waiver of any rights of subrogation in favor of Buyer and Owner. Seller shall provide Buyer certificates of insurance and all related insured endorsements prior to commencing any work hereunder evidencing the procurement of the above insurance. The certificates shall be of the type that certify in each category in the insurer to notify the Buyer at least thirty (30) days in advance of effective date of any modification and/or cancellation.

(d) The Seller agrees to defend, indemnify, protect and save harmless the Buyer and Owner from and against any and all liability, losses, damages, costs, claims, lawsuits, whether groundless or not, judgments, settlements and expenses, including without limitation attorneys' fees and court costs ("Claim"), arising from bodily injury or property damage to any persons, whether employed by the Buyer, Seller or others, including death, or damage to any property, whether owned, leased or used by the Buyer, Seller or others, including without limitation the loss of use thereof, resulting or arising out of or in connection with the goods or services herein contemplated, whether or not occurring or arising out of or caused to have occurred or arises out of the negligence or omissions of the Buyer, Owner, their agents, representatives or employees. This indemnification by the Seller includes claims or passive negligence by the Seller or Buyer or both or their employees, agents or representatives. To indemnification from the Seller is due to the Buyer for the Buyer's sole negligence. This indemnification shall be provided even if the Buyer is partially responsible for the said Claim. Seller's indemnity obligations under this Paragraph is not affected by any insurance required by this agreement, or any other insurance carried by Seller.

14. **Surety Bonds:** If required on the face of this Purchaser Order, Seller agrees to obtain, maintain and furnish to the Contractor acceptable surety bonds, including Performance and Payment Bonds in amounts specified by the Buyer guaranteeing the faithful performance of, and compliance with, all the terms, provisions and conditions of this Purchase Order.

15. **Anti-Kickback Policy:** Neither Seller nor any of its subcontractors or suppliers furnishing any of the order shall pay any commissions or fees or grant any rebates or other remuneration or gratuity to any employee, director, agent or representative of Buyer or to any member of the immediate family of any of the foregoing persons. Neither Seller nor any of its subcontractors or suppliers furnishing any of the order shall pay any commissions or fees or grant any rebates or other remuneration or gratuity to any employee, director, agent or representative of the other or to any member of the immediate family of any of the foregoing persons. Gifts of nominal value and entertainment, meals and social invitations that are customary and/or under the circumstances are not outside the recipient under any obligation (actual or implied) are acceptable. If any employee of Buyer should solicit a gift or gratuity from Seller, then Seller hereby agrees to notify an officer of Buyer of such act, and Buyer agrees to hold such notification in confidence. Failure by Seller to comply with this Section 15 may, at the Buyer's option, result in the termination of this Purchase Order and may preclude any further dealings between the parties. Buyer shall have the right to inspect and audit all records of Seller, of whatsoever nature, relating to any gifts or gratuities furnished to any employee of Buyer or any of its affiliates at any time, and from time to time, while this Purchase Order remains in effect and for a period of two (2) years thereafter.

16. **Severability:**
If any provision of this Agreement as applied to any party or to any circumstance shall be adjudged by a Court to be void and unenforceable, the same shall in no way affect any other provision of this Agreement. The application of such provision in all other circumstances; and the validity or enforceability of the Agreement as a whole.

17. **FAR Provisions:** The Federal Acquisition Regulation (FAR) clauses incorporated in the Prime Contract shall have the same force and effect as if quoted in full text herein. In all clauses listed herein and in the Prime Contract, the terms "Government," "Contracting Officer" and "Contractor" shall be revised to reliably identify the company by proper reference and reflect the proper intent of the provisions, excluding but not limited to the dollar limitations, except where further clarified or modified herein. Each and every provision required by law to be inserted in this Subcontract shall be deemed to be inserted herein and the Subcontract shall be read and enforced as though such provisions were included herein. If through mistake or otherwise any such provision is not inserted, or is not correctly inserted, then by mutual agreement, the Subcontract shall forthwith be physically amended to make such insertion as a matter of law and contract.

18. **Compliance and Ethics Program:** Whether or not the Project is covered by the FAR, the Engineer/Contractor shall implement within 90 days of contract award, and thereafter maintain a compliance and ethics program that at a minimum, meets the standards set forth in the FAR clauses 52.203-13 and 14 (Contractor Code of Business Ethics and Conduct; Display of Hotline Posters). Upon request, the Engineer/Contractor will make the full text of its Compliance and Ethics Program including its Code of Business and Ethics and Conduct available for review. The full text of FAR clauses 52.203-13 and 14 may be accessed electronically in this address: https://www.acquisition.gov/far/current/html/52_200_206.html

Vendor/Contractor Acknowledgement of General Terms & Conditions _____